UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

*Electronically Filed*

| | |
|---|---|
| LG&E AND KU ENERGY PENSION PLAN, <br><br> and <br><br> LG&E and KU Energy LLC, <br><br> and <br><br> THE EMPLOYEE BENEFIT PLAN BOARD <br><br>    Plaintiffs, <br><br> v. <br><br> GLORIA JEAN ROLLINS <br><br> Serve via Kentucky Secretary of State: <br> 1313 Stonebench Circle <br> Jeffersonville, IN 47130 <br><br> and <br><br> ANNETTE FRANCES HARROD <br> 1427 Nightingale Court #1 <br> Louisville, KY 40213 <br><br>    Defendants. | CASE NO. 3:20-cv-363-DJH |

**COMPLAINT FOR DECLARATION OF RIGHTS
AND TO INTERPLEAD BENEFIT**

  Plaintiffs LG&E and KU Energy Pension Plan (the "Plan"), LG&E and KU Energy LLC, as Plan sponsor ("LG&E"), and the Employee Benefit Plan Board, as Plan administrator (the

"Board") (collectively, the "Plaintiffs"), for their Complaint for Declaration of Rights and to Interplead Benefit, state as follows:

## PARTIES

1. This is a Complaint for declaration of rights as to certain death benefits to be paid to the surviving spouse of Willie James Rollins based on the benefits he accrued under the Plan during his employment with LG&E. The Plan is an employee pension benefit plan created and operated pursuant to ERISA, 29 U.S.C. § 1001, *et seq*.

2. LG&E is a Kentucky limited liability company with its principal place of business located at 220 West Main Street, Louisville, KY 40202.

3. The Plan is an employee pension benefit plan as defined in 29 U.S.C. § 1002(3) and the Board is the entity charged with administration of the Plan under section 2.10 and Article 6 of the Plan. Both the Plan and the Board have the same principal place of business as LG&E.

4. Decedent Willie James Rollins (the "Decedent") was an employee of LG&E and a participant in the Plan.

5. Defendant Gloria Jean Rollins ("Gloria") claims to have been married to the Decedent at the time of his death and, as such, may have a claim to a surviving spouse death benefit under the Plan. Upon information and belief, Gloria is an Indiana resident.

6. Defendant Annette Frances Harrod ("Annette") also claims to have been married to the Decedent at the time of his death and, as such, may have a claim to a surviving spouse death benefit under the Plan. Upon information and belief, Annette is a Kentucky resident.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claim arises under the laws of the United States.

8. Specifically, adjudication of the benefit claim described herein is governed by federal law pursuant to 29 U.S.C. § 1144(a), which states that the provisions of ERISA supersede "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan," such as the Plan.

9. LG&E and the Board bring this action, as fiduciaries of the Plan, to enforce the terms of the Plan, pursuant to 29 U.S.C. § 1132(a)(3)(B)(ii).

10. Pursuant to 29 U.S.C. § 1132(e)(2), venue is appropriate in this Court because the Plan is administered within the Western District of Kentucky and, upon information and belief, Annette resides within this District.

## **FACTS**

11. The Plan is sponsored by LG&E and administered by the Board. LG&E and the Board serve as the Plan's fiduciaries vested with decision-making authority as the sponsor and administrator of the Plan, respectively.

12. During the course of his employment with LG&E, the Decedent was a participant in the Plan and accrued a benefit under the Plan due to that period of service as employee and participant.

13. Upon termination of employment with LG&E, the Decedent became an inactive participant in the Plan with an accrued, vested benefit thereunder. Under the terms of the Plan, his earliest benefit commencement date was January 1, 2009, which was the first day of the month after he would attain age 55.

14. Upon information and belief, the Decedent passed away on or about December 3, 2003, leaving his accrued benefit to be distributed to the beneficiary or beneficiaries entitled to a death benefit in accordance with the terms of the Plan.

15. Section 5.2 of the Plan provides, in pertinent part, that in the case of a terminated vested participant who dies prior to his benefit commencement and who is survived by a spouse, such surviving spouse shall be entitled to a death benefit. Plan Section 5.2 further provides that the surviving spouse death benefit is payable as of the participant's earliest benefit commencement date or date of death, if later. As stated in Paragraph 13 above, the Decedent's earliest benefit commencement date was January 1, 2009.

16. Both at the time of the Decedent's death and at the present date, however, it was and is unclear whether Gloria or Annette was married to the Decedent at the time of his death and, thus, which of them is entitled to the surviving spouse death benefit described in Plan section 5.2.

17. Specifically, both Gloria and Annette claim to have been married to the Decedent at the time of his death and Plan records contain certified copies of state records validating each individual's respective claim. *See* **Exhibits A and B** attached hereto for copies of the marriage certificates. The marriage certificate for the Decedent and Gloria reflects a marriage on October 31, 1980. The marriage certificate for the Decedent and Annette reflects a marriage on October 11, 1991, and states in the application portion that the Decedent was divorced from the prior marriage in 1983.

18. To further complicate who is the surviving spouse, the Decedent's original January 5, 2004 death certificate stated his marital status at the time of death was "single." In early 2009, when Gloria inquired about the surviving spouse death benefit, LG&E's Benefits Center responded that no benefit was payable because the Decedent's death certificate indicated he was single at the time of his death. In August 2009, payments began to be paid to Gloria due to an administrative error. When LG&E discovered the error during a 2012 audit of the Plan, the Benefits Center

stopped payments, explained to Gloria the payments had been made in error, given the Decedent's status as single at the time of his death, and requested repayment.

19. In 2019, Gloria successfully petitioned the Jefferson Circuit Court to modify the death certificate to state the Decedent was married to her at the time of his death. On information and belief, however, the Jefferson Circuit Court was not informed of the marriage certificate for Decedent and Annette when it granted Gloria's petition.

20. Gloria has presented no conclusive evidence invalidating Annette's claim to the surviving spouse benefit. Likewise, Annette has presented no conclusive evidence invalidating Gloria's claim to the surviving spouse benefit. Nor has LG&E or the Board been able to find any conclusive evidence regarding who is the Decedent's surviving spouse entitled to the surviving spouse death benefit under the Plan.

21. As Decedent cannot legally have two surviving spouses, a dispute has arisen between Gloria and Annette with regard to who is entitled to the death benefit owed to the Decedent's surviving spouse.

22. Gloria and Annette's dispute must be resolved before Plaintiffs can pay the surviving spouse death benefit.

23. As fiduciaries of the Plan, LG&E and the Board have a fiduciary obligation to ensure the surviving spouse death benefit is paid to the Decedent's proper surviving spouse. Section 404(a)(1) of ERISA (29 U.S.C. § 1104(a)(1)) requires fiduciaries to discharge their duties solely in the interest and for the exclusive benefit of the plan's participants and beneficiaries, in accordance with the documents and instruments governing the plan. LG&E and the Board could face penalties under ERISA if the benefit is not paid to the proper surviving spouse in accordance with the Plan's terms.

24. Likewise, the Plan is subject to ERISA's requirements regarding payments made from an employee pension benefit plan subject to ERISA. Pursuant to ERISA Section 402 (29 U.S.C. § 1102), every employee benefit plan subject to ERISA must be established and maintained pursuant to a written instrument and that written instrument must specify the basis on which payments are made from the plan. Thus, the Plan is required by law to have a written document that says what benefits will be paid and to whom, and the Plan may only pay benefits in accordance with that document.

25. Plaintiffs take no position regarding Gloria and Annette's dispute and have no preference regarding the validity of any marriages or either's status as surviving spouse beneficiary under the Plan. Under the facts presented by Gloria and Annette, however, Plaintiffs are unable to determine the proper surviving spouse beneficiary and pay the surviving spouse death benefit for Decedent's accrued Plan benefit.

26. Plaintiffs therefore seek a declaration and determination from this Court of the Decedent's surviving spouse and to otherwise have the Court resolve Gloria's and Annette's dispute so as to enable Plaintiffs to distribute the surviving spouse death benefit attributable to the Decedent's accrued Plan benefit.

## COUNT I – DECLARATORY JUDGMENT

27. Plaintiffs hereby reallege and incorporate each and every allegation contained in Paragraphs 1-26 above, as if fully set forth herein.

28. Each of Gloria and Annette claim an equal and competing interest in Decedent's accrued benefit under the Plan.

29. An actual case or controversy exists as to which of them is the proper recipient of the Plan benefits attributable to the Decedent.

30. Pursuant to 28 U.S.C. § 2201, Plaintiffs request this Court to declare the competing rights, if any, of Gloria and Annette to the Plan benefits.

## COUNT II – INTERPLEADER

31. Plaintiffs hereby reallege and incorporate each and every allegation contained in Paragraphs 1-30 above, as if fully set forth herein.

32. Federal Rule of Civil Procedure 22 states, "[p]ersons with claims that may expose a plaintiff to double or multiple liability may be joined as defendants and required to interplead."

33. As described above, Gloria and Annette have each made equal and competing claims for payment of the Plan benefits, exposing Plaintiffs to multiple adverse claims to the Plan benefits and potential liability to multiple claimants.

34. The Plan, as an employee benefit pension plan, along with LG&E and the Board, as fiduciaries, have certain obligations with regard to the Decedent's accrued Plan benefit that they cannot fulfill without judicial determination and a declaration from the Court.  Specifically, Plaintiffs are unable to determine the proper surviving spouse entitled to the death benefit attributable to the Decedent's accrued Plan benefit given the current dispute between Gloria and Annette.  In the face of said dispute, regarding which Plaintiffs take no position, Plaintiffs face the risk of being exposed to potentially conflicting obligations and liability and/or having to choose between competing claims to the same benefit.

35. This Court has the authority to determine the respective rights of Gloria and Annette to the disputed Plan benefits and to discharge Plaintiffs' obligations with respect to Gloria and Annette.

36. Thus, Plaintiffs respectfully request the Court to resolve Gloria and Annette's dispute and enter a declaratory judgment regarding the proper surviving spouse beneficiary for the

death benefit attributable to Decedent's accrued Plan benefit that will enable Plaintiffs to ensure the surviving spouse death benefit is distributed to the proper surviving spouse beneficiary.

37. Plaintiffs further request the Court to issue an Order limiting their role and potential liability in this matter to the outcome of said determination and declaration, and exempt them from party discovery and motion practice, as would be the case in the event of interpleading the funds.

**WHEREFORE**, Plaintiffs respectfully request this Court to:

1. Determine and declare the proper surviving spouse beneficiary of the death benefit attributable to the Decedent's accrued Plan benefit, enabling Plaintiffs to pay said death benefit to Decedent's proper surviving spouse beneficiary;

2. Enter an order directing Gloria or Annette or any other person or entity claiming an interest in the Plan benefits to interplead and state their respective claims for the disputed Plan benefits or be forever barred from asserting a claim to the Plan benefits;

3. Enter an order limiting Plaintiffs' role and potential liability in this matter to the outcome of said determination and declaration, and thereby exempting Plaintiffs from the cost and burden of party discovery and/or motion practice; and

4. Grant Plaintiffs such other relief as this Court may deem just and proper.

Respectfully submitted,

FROST BROWN TODD LLC

*/s/ Theresa A. Canaday*
Theresa A. Canaday
Miles R. Harrison
FROST BROWN TODD LLC
400 West Market Street, Suite 3200
Louisville, KY  40202
(502) 589-5400

(502) 581-1087 Facsimile
tcanaday@fbtlaw.com
mharrison@fbtlaw.com
*Counsel for Plaintiffs LG&E and KU Energy Pension Plan, LG&E and KU Energy LLC, and the Employee Benefit Plan Board*

0000HCJ.0729860   4824-0888-5947