UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:20-CV-00363-DJH-CHL

**LG&E AND KU ENERGY PENSION PLAN, et al.,**                                    **Plaintiffs,**

**v.**

**GLORIA JEAN ROLLINS, et al.,**                                                **Defendants.**

## REPORT AND RECOMMENDATION

Before the Court is a "Motion for a decision to release all Benefits and Pension to the legal spouse" filed by Defendant Gloria Jean Rollins ("Rollins"). (DN 19.) No response has been filed, and the time to respond has expired. *See* L.R. 7.2. United States District Judge David J. Hale referred the motion to the undersigned for a report and recommendation. (DN 21.)

### I.     FINDINGS OF FACT

Plaintiffs LG&E and KU Energy Pension Plan (the "Plan"), LG&E and KU Energy LLC ("LG&E"), and the Employee Benefit Plan Board (collectively "Plaintiffs") bring this action for declaratory judgment to determine the proper beneficiary of death benefits of Willie James Rollins (the "decedent"). (DN 1.) The decedent was an employee of LG&E and accrued benefits under the Plan throughout his employment. (DN 1, at PageID # 3.) Payment of the accrued benefits was to commence on January 1, 2009, the month following his fifty-fifth birthday. (*Id.*) The decedent died on December 3, 2003, leaving his accrued benefit to be distributed to the beneficiary or beneficiaries entitled to a death benefit under the Plan, in this case, the decedent's surviving spouse. (DN 24-1, at PageID # 160.)

Around the time of the decedent's passing, Rollins contacted LG&E about claiming her surviving spouse benefits. (DN 14-3, at PageID # 99.) Upon request, Rollins provided her

marriage license and the decedent's death certificate. (*Id.*, at PageID # 100.) Rollins asserts that she subsequently received a letter in 2004 stating that her claim was approved, but that she no longer has a copy of the letter. (*Id.*) Plaintiffs state that in early 2009, Rollins inquired about her surviving spouse benefits, and that LG&E's benefits center responded that she was not entitled to benefits because the decedent's death certificate indicated that he was single at the time of his death. (DN 1, at PageID # 4.) These correspondences have not been filed in the record. On August 1, 2009, Rollins began receiving monthly benefit payments and continued to receive payments through August 2012. (DN 14-1, at PageID # 58.) Plaintiffs claim that these payments were made "due to an administrative error." (DN 1, at PageID # 4.) On August 27, 2012, LG&E's benefits center sent Rollins a letter notifying her that a review of the Plan revealed that Plan benefits had been paid to her due to an error. (DN 14-1, at PageID # 58.) Specifically, the letter noted that the death certificate Rollins submitted indicated that the decedent was single at the time of his death, and that "the Plan determined that there was to be no pre-retirement survivor benefit payable upon death." (*Id.*) LG&E and the Plan thus demanded a repayment of benefits paid with interest in the amount of $2,981.68. (*Id.*)

Rollins and the decedent married On November 2, 1980 under a marriage license issued by the Commonwealth of Kentucky. (DN 1-1, at PageID # 11.) On October 11, 1991, Defendant Annette Francis Harrod ("Harrod") and the decedent married under a marriage license issued by the state of Indiana. (DN 1-2, at PageID # 14.) On May 1, 2020, Plaintiffs brought this action pursuant to 28 U.S.C. § 2201 for declaratory judgment as to the rights of Rollins and Harrod under the Plan. (DN 1.)

2

## II. CONCLUSIONS OF LAW

When adjudicating a dispute about the proper beneficiary for ERISA benefits, ERISA "supplies the rule of law" for making that determination. *Metro. Life Ins. Co. v. Pressley*, 82 F.3d 126, 129–30 (6th Cir. 1996). *See* 29 U.S.C. § 1001 *et seq*. That statutory scheme requires that a plan administrator award benefits "in accordance with the documents and instruments governing the plan." 29 U.S.C. § 1104(a)(1)(D). The Sixth Circuit has interpreted this language as establishing "a clear mandate that plan administrators follow plan documents to determine the designated beneficiary." *Pressley*, 82 F.3d at 130 (citing *McMillan v. Parrott*, 913 F.2d 310, 312 (6th Cir. 1990)). *See Union Sec. Ins. Co. v. Blakeley*, 636 F.3d 275, 276 (6th Cir. 2011) (emphasizing that ERISA "underscores the primacy of the written plan" documents). Accordingly, to the extent the plan documents provide an answer regarding the proper beneficiary of the pension plan, the Court should rely on those documents to settle the dispute. *IBEW Pac. Coast Pension Fund v. Lee*, 462 F. App'x 546, 548, 2012 WL 447490, at *2 (6th Cir. 2012) (unreported).

Here, under Section 2.52 of the Plan, "[s]pouse shall mean the legally married spouse of the Participant at the earlier of the Participant's date of death or the date benefits commence to the Participant under the Plan." (DN 24-1, at PageID # 144.) Because the decedent's date of death precedes the date his benefits commenced, his surviving spouse as defined by the Plan is his "legally married spouse" on the date of his death on December 3, 2003. The validity of competing claims for the status of legal spouse is determined by state law. *Lee*, 462 F. App'x at 549 (citing *DaimlerChrysler Corp. Healthcare Benefits Plan v. Durden*, 448 F.3d 918, 922 (6th Cir. 2006). Thus, the undersigned's analysis begins with the question of which state's law applies and ends with a finding of whether Rollins or Harrod was the decedent's legal spouse under that state's law.

### A. Choice of Law Analysis

The Plan includes a choice of law provision that provides that, except when superseded by ERISA, it "shall be construed in accordance with the laws of the Commonwealth of Kentucky." (DN 24-1, at PageID # 184.) In *Durden*, the Sixth Circuit held that the test set out in Section 187 of the Restatement (Second) of Conflict of Laws (the "Restatement") applies in determining when an ERISA plan's choice of law provision should be enforced. 448 F.3d at 922. Under Section 187 of the Restatement:

> (1) The law of the state chosen by the parties to govern their contractual rights and duties will be applied if the particular issue is one which the parties could have resolved by an explicit provision in their agreement directed to that issue.
>
> (2) The law of the state chosen by the parties to govern their contractual rights and duties will be applied, even if the particular issue is one which the parties could not have resolved by an explicit provision in their agreement directed to that issue, unless either
>
>   (a) the chosen state has no substantial relationship to the parties or the transaction and there is no other reasonable basis for the parties' choice, or
>
>   (b) application of the law of the chosen state would be contrary to a fundamental policy of a state which has a materially greater interest than the chosen state in the determination of the particular issue and which, under the rule of § 188, would be the state of the applicable law in the absence of an effective choice of law by the parties.

Restatement § 187 (1971).

Here, Section 187(1) does not apply, because "the parties to the Plan could not have resolved the issue of which claimant is entitled to [the decedent]'s survivor's benefits by explicit provision in the contract." *Durden*, 448 F.3d at 924. Therefore, the choice of law provision will be enforceable under Section 187(2) if neither of the exceptions listed in 187(2)(a) and (b) applies.

4

The first exception is where "the chosen state has no substantial relationship to the parties or the transaction and there is no other reasonable basis for the parties' choice." Restatement § 187(2)(a). This exception clearly does not apply in this case. LG&E is a Kentucky limited liability company with its principal place of busines in the state where it administered the Plan. (DN 1, at PageID # 2.) Both Rollins and Harrod reside in Kentucky, and the decedent died in Kentucky. (*Id.*; DN 14-1, at PageID # 81.) Therefore, there was a reasonable basis for the Kentucky choice of law provision.

The second exception requires a three-step analysis. *Durden*, 448 F.3d at 924. First, the undersigned must determine applicable state law but for the choice of law provision. If it's the same as the state selected in choice of law provision, in this case Kentucky, that state's law applies. If not, the undersigned must proceed to step two, which is to determine whether application of Kentucky law would violate any fundamental policy of the other state. If it would not, the choice of law provision prevails, but if it would, the undersigned must proceed to step three. Step three is to determine whether the other state has a materially greater interest than Kentucky in the determination of the issue. If not, the choice of law provision prevails, but is so, the choice of law provision will not be enforced.

Under step one, the undersigned looks to Section 283 of the Restatement to determine which state's law would apply but for the choice of law provision. *Lee*, 462 F. App'x at 549 n.3 (citing *Durden*, 448 F.3d at 925). Section 283 provides, in pertinent part, that "[t]he validity of a marriage will be determined by the local law of the state which, with respect to the particular issue, has the most significant relationship to the spouses and the marriage . . . ." Restatement § 283(1). The undersigned finds that Kentucky has the most significant relationship to both marriages and to the decedent, Rollins, and Harrod. The decedent and Rollins's marriage was solemnized in

5

Kentucky, where Rollins currently resides and the decedent worked and died. (DN 1, at PageID # 2; DN 14, at PageID # 52; DN 14-1, at PageID # 81.) Although it is a closer question with respect to the marriage between the decedent and Harrod due to their marriage being solemnized in Indiana and the limited facts about their marriage in the record, the decedent's ties to Kentucky and the fact that Harrod currently resides in Kentucky provide a sufficient bases to conclude that Kentucky's relationship to them and their marriage was more significant than Indiana's. Because the chosen state in the choice of law provision is the same state whose law would apply absent the choice of law provision, the undersigned need not look further to assess the enforceability of the choice of law provision. Either way, Kentucky law applies.

### B.     Legal Spouse Under Kentucky Law

The record includes the marriage license issued by the Commonwealth of Kentucky to the decedent and Rollins and their completed marriage certificate comporting with the requirements of K.R.S. § 402.100, *et seq.* (DN 1-1, at PageID # 11.) Therefore, the marriage between the decedent and Rollins is one that is recognized by Kentucky. Kentucky also recognizes marriages if valid in the state where solemnized. K.R.S. § 402.040. Thus, Kentucky would recognize the decedent and Harrod's marriage if their marriage was valid in Indiana. Under Indiana law, "[a] marriage is void if either party to the marriage had a wife or husband who was living when the marriage was solemnized." Ind. Code Ann. § 31-11-8-2. The license for the decedent and Harrod's marriage states that the decedent was divorced at the time the marriage was solemnized in Indiana. (1-2, at PageID # 14.) Thus, facially, the marriages are both recognized by Kentucky, and further proof is necessary to determine which marriage was legally valid at the time of the decedent's death.

6

In Kentucky, "when a marriage is shown in fact, the law raises a strong presumption, especially after the lapse of many years, in favor of its legality, and the burden is with the party objecting to its validity to prove that it is not valid." *Scott's Adm'r v. Scott*, 77 S.W. 1122, 1124 (Ky. 1904) (citing *Howton v. Gilpin*, 69 S.W. 766, 766 (Ky. 1902). "A corollary to this is the additional presumption that the first marriage has ended in a legal divorce." *Domany v. Otis Elevator Co.*, 369 F.2d 604, 610–11 (6th Cir. 1966). The presumption is not absolute and "may be rebutted by proving that the prior marriage was valid and that its continuity had not been interrupted by death or divorce at the time of the subsequent ceremony." *Gaddy v. Louisville & N. R. Co.*, 249 F. Supp. 305, 307 (E.D. Ky. 1965), *aff'd in part, rev'd in part*, 386 F.2d 772 (6th Cir. 1967) (citations omitted). However, the "presumption [i]s not overthrown by the mere denial of the first wife, wholly unsupported, that the deceased was not divorced from her." *Scott*, 77 S.W. at 1124.

The undersigned finds that Rollins has rebutted the presumption that the decedent and Harrod's marriage was valid. Rollins asserts that she "was never divorced from Mr. Rollins." (DN 5, at PageID # 29.) She also asserts that "Jefferson County Marriage Clerk . . . doesn't have a divorce decree on file." (*Id.*) Rollins petitioned the Jefferson County Circuit Court to correct the portion of the decedent's death certificate reflecting that he was single at the time of his death. (DN 14, at PageID # 55; DN 14-1, at PageID # 55–56.) The court granted Rollins petition and ordered the Cabinet for Health and Family Services to amend the death certificate "to reflect the decedent's marital status (i.e 'married' ) along with the name of his surviving spouse ( i.e. 'MS. GLORIA ROLLINS')." (DN 14-1, at PageID # 67.) Rollins has filed proof of the corrected death certificate. (*Id.*, at PageID # 81.) Based on the record, the undersigned finds that "[t]he weight of the evidence, and the circumstances established by it" sufficiently rebut the presumption that

7

Rollins and the decedent were divorced at the time of the decedent's marriage to Harrod. *Howton*, 69 S.W. at 766. Harrod was given a full opportunity to contest this evidence, and she did not.

The undersigned concludes that at the time of the marriage to Harrod, the decedent had not been divorced, and therefore, since he had a living wife, his marriage to Harrod was void. At the time of his death, Rollins was the legally married spouse of the decedent and became his surviving spouse entitled to the benefits of the surviving spouse under the Plan.

### III. RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that Rollins's motion (DN 19) be **GRANTED** and a declaratory judgment of her rights under the Plan consistent with this report and recommendation be entered in her favor.

Colin H Lindsay, Magistrate Judge
United States District Court

October 27, 2021

cc: Counsel of record
    Gloria Rollins, *pro se*
    Annette Harrod, *pro se*

### Notice

Pursuant to 28 U.S.C. § 636(b)(1)(B)-(C), the undersigned Magistrate Judge hereby files with the Court the instant findings and recommendations. A copy shall forthwith be electronically transmitted or mailed to all parties. 28 U.S.C. § 636(b)(1)(C). Within fourteen (14) days after being served, a party may serve and file specific written objections to these findings and recommendations. Fed. R. Civ. P. 72(b)(2). Failure to file and serve objections to these findings and recommendations constitutes a waiver of a party's right to appeal. *Id.; United States v. Walters,* 638 F.2d 947, 949-50 (6th Cir. 1981); *see also Thomas v. Arn,* 474 U.S. 140 (1985).